### NANTASKET BEACH STEAMBOAT CO. v. UNITED STATES.

(District Court, D. Massachusetts. March 10, 1924.)

No. 2222.

United States ☞110—Special act held not to authorize allowance of interest on damages for collision recovered against the United States.

In view of the settled rule that the United States is not liable for interest on claims against it in the absence of statute expressly providing therefor, allowance of interest *held* not authorized on damages for collision recovered by libelant in a suit against the United States brought under a special act authorizing it and providing that the court should enter decree for the amount of legal damages sustained by either party "upon the same principle and measure of liability, with costs, as in like cases in admiralty between private parties;" the United States having made no claim for damages.

In Admiralty. Suit by the Nantasket Beach Steamboat Company against the United States. On settlement of final decree.

See, also, 292 Fed. 389.

Blodgett, Jones, Burnham & Bingham and Foye M. Murphy, all of Boston, Mass., for libelant.

Robert O. Harris, U. S. Atty., and John V. Sullivan, Asst. U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge. By virtue of an act of Congress the libelant was authorized to institute in this court proceedings against the United States to recover for damages sustained as a result of the collision between the steamer Mayflower and the submarine L–10, which took place in Boston Harbor on August 11, 1917.

In these proceedings the court found the United States at fault and directed damages to be assessed in favor of the libelant. Nantasket Beach Steamboat Company v. U. S. (D. C.) 292 Fed. 389.

The assessor has filed his report, fixing the damages sustained by the owner of the steamer at $20,683.85 for repairs and other disbursements, and $14,800 for loss of use of the vessel. No objections are

made to this report, except that the assessor has left open the question of interest on these sums.

The act under which the libelant proceeded contained the following provisions:

"That the said court shall have jurisdiction to hear and determine the whole controversy and to enter a judgment or decree for the amount of the legal damages sustained by reason of said collision, if any shall be found, to be due, either for or against the United States, upon the same principle and measure of liability with costs as in like cases in admiralty between private parties, with the same rights of appeal." Act of May 15, 1922 (42 Stat. 1590).

At the opening of the hearing, the United States district attorney stated that by agreement with the libelant the United States was to have the right, if it saw fit at any time to do so, to file a cross-libel, and that the hearing was to proceed as if such libel had actually been filed. In view of the findings of the court, the United States did not elect to exercise its right, thus reserved, and no cross-libel was filed.

In re Great Lakes, Dredge & Dock Company (D. C.) 250 Fed. 916, is abundant authority in this district for the proposition that as between private parties the owner of a vessel damaged by collision is entitled to interest on the damages awarded, but the same rule does not apply when the United States is a party. It is a well-settled principle that the United States is not liable to pay interest on claims against it in the absence of expressed statutory provision to that effect. U. S. v. Bayard, 127 U. S. 251, 8 Sup. Ct. 1223, 32 L. Ed. 116.

In that case the court states:

"It has been established, as a general rule, in the practice of the government, that interest is not allowed on claims against it, whether such claims originate in contract or in tort, and whether they arise in the ordinary business of administration or under private acts of relief, passed by Congress on special application. The only recognized exceptions are, where the government stipulates to pay interest and where interest is given expressly by an act of Congress, either by the name of interest or by that of damages."

In this circuit, in the case of Pennell v. United States (D. C.) 162 Fed. 75, Judge Hale failed to find any intent to authorize the payment of interest on damages resulting from a collision to be expressed in a special act containing the following provision:

"In regard to the trial or hearing of said cause the same rules and modes of proceedings as to evidence, mode of trial, liability for damage, the measurement of damages, and otherwise, including the right of appeal, shall apply as in other causes of admiralty between individual owners of colliding vessels, and shall also be determined upon such legal or equitable principles as shall be applicable thereto."

On the other hand, interest was allowed against the United States in the case of United States v. New England Steamship Company (D. C.) 297 Fed. 48, where the act, under which the owners of the steamship Commonwealth brought a cross-libel, contained provisions identical with those appearing in the act under which the owners of the Mayflower have proceeded in this case.

In the case of the Commonwealth, both the owner and the United States were found to be at fault, and damages were awarded both on

the libel and on the cross-libel. The United States claimed interest, and apparently Judge Mack deemed it inequitable to allow interest to one of the parties and to deny it to the other. In other words, the special circumstances of the case took it out of the general rule above indicated. It could hardly be said that the language of the act before Judge Mack any more than that of the act considered by Judge Hale revealed an expressed intention on the part of Congress to give interest on damages awarded. While the phraseology of the act authorizing a libel by Pennell is not precisely the same as that employed in the act under which the New England Steamship Company proceeded, I am unable to find any distinction in principle between them. Both measured liability by the same criterion, viz. the standard applicable in admiralty to causes between "individual owners" or "private owners."

If I regarded the matter as one of discretion only, I should feel disposed to award interest, but in the absence of special circumstances I am not inclined to disagree with Judge Hale, but feel compelled with him to follow the well-established principle which exempts the United States from liability for interest in the absence of stipulation or statutory provisions.

The United States in this case is not exacting or claiming any interest from the libelant. The mere fact that the act was broad enough to admit of such a claim is, in my opinion, immaterial. It is only when the United States is insisting on interest in counter proceedings that a situation is created which renders a denial of interest against the government so palpably inequitable as to justify a departure from the general and well-recognized rule above stated.

I rule, therefore, as a matter of law, that the libelant is not entitled to interest on the amount awarded.