## UNITED STATES v. CERTAIN SUBFREIGHTS DUE THE NEPONSET.

(District Court, D. Massachusetts. February 18, 1925.)

Nos. 2228, 2277, 2314, 2407.

United States ⟨⟩110 — Interest allowable against United States under Suits in Admiralty Act.

The Suits in Admiralty Act (Comp. St. Ann. Supp. 1923, § 1251¼ et seq.) is intended to place the United States, as operator of merchant vessels, on the same footing as private parties as to liability, and under section 3, interest at 4 per cent. is allowable in the discretion of the court on an award of damages against it from the date liability accrued.

In Admiralty. Suit by the United States against certain subfreights due the steamship Neponset; Wambersie & Son and others, interveners, with independent suits against the United States by the McCormack Stevedoring Company, in which Wambersie & Son intervened, by the Robbins Dry Dock and Repair Company and by the Standard Oil Company. On settlement of decrees.

For former opinion, see 300 F. 981.

The United States Attorney.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for McCormack Stevedoring Co.

G. Philip Wardner, of Boston, Mass., for petitioner Wambersie & Son.

Chas. F. Dutch and Putnam, Bell, Dutch & Santry, all of Boston, Mass., for Robbins Dry Dock & Repair Co.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for Standard Oil Co.

LOWELL, District Judge. All that remains of these cases is the question of interest. This depends on the meaning of section 3 of the Suits in Admiralty Act of March 9, 1920, c. 95, 41 Stat. 525, U. S. Comp. St. Ann. Supp. 1923, § 1251¼ et seq. This act was founded on a bill introduced into the Senate by Senator Jones of Washington on June 26, 1919. Congressional Record, vol. 58, pt. 6, p. 5889. The provision as to interest was then contained in section 1 of the bill (Senate 2253) and read as follows:

"Such District Court is hereby authorized to hear and determine any such suit upon the principles of liability, and in accordance with the practice, obtaining in like cases between private parties in suits in admiralty, and, in a proper case, to enter a decree for or against the United States, or the said corporation, including costs, and if for a money judgment, together with interest at the rate of four per centum. per annum until paid, unless the suit involves a contract stipulating a higher rate of interest, in which event interest shall be allowed in accordance with the contract, and all interest shall run as ordered by the court."

The corresponding provision as it now stands is as follows:

"Said suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. A decree against the United States or such corporation may include costs of suit, and when the decree is for a money judgment, interest at the rate of four per centum. per annum until satisfied, or at any higher rate which shall be stipulated in any contract upon which such decree shall be based. Interest shall run as ordered by the court." Section 1251¼b.

Under the bill as originally drawn a "money judgment" apparently carried interest as of course. In the act as it now stands it is stated that "a decree * * * may include costs of suit, and when the decree is for a money judgment, interest at the rate of four per centum. * * * *" The allowance of interest now is in the discretion of the court.

Although the wording of this section is somewhat obscure, I am of the opinion that the phrase "money judgment," as used in the act, has reference to an award of damages, and that the framers of the act had in mind that interest should run, not from the date of the decree, but the date as to which the damages were awarded. I am brought to this conclusion by the fact that on the hearing on the bill before the Senate committee much stress was laid on the fact that the United States was to be treated like private parties. The act was passed in order to remedy a situation which had arisen under the Shipping Board Act of September 7, 1916, c. 451, 39 Stat. 728, U. S. Comp. St. § 8146a et seq., as the Supreme Court of the United States in The Lake Monroe, 250 U. S. 246, 39 S. Ct. 460, 63 L. Ed. 962, decided that a government-owned vessel might be arrested on a libel. The present act changed this and substituted an action in personam.

The result here arrived at is in accord with the case of Middleton v. U. S. (D. C.) 286 F. 548, a decision of Judge Smith, which was affirmed in The Naiwa (1925) A. M. C. 85. See, also, The Bascobal (1924) A. M. C. 1, 295 F. 299. The present decision is not in conflict with two very able opinions in this district. The first was the opinion of Judge Hale in Pennell v. U. S. (D. C.) 162 F. 75, which was followed by Judge Brewster in Nantasket Boat S. S. Co. v. U. S. (D. C.) 297 F. 656, distinguishing a contrary opinion of Judge Mack in The Commonwealth (D. C.) 297 F. 651. In each of those cases the court was considering a private act passed for the benefit of a single person or corporation. The learned judges who decided those cases were influenced largely by the well-established rule that in suits against the United States interest is not allowed, unless it is specifically so stated in the acts allowing such suits, or is agreed upon. Those cases are distinguishable from the present one, in that the Suits in Admiralty Act specifically allows interest. A very recent case of the Supreme Court of the United States, which was furnished me by the diligence of counsel, is also illuminating in this connection. In Standard Oil Co. v. U. S., 45 S. Ct. 211, 69 L. Ed. ——, also referred to as The Llama, decided on February 2, 1925, the Supreme Court allowed interest in a suit on a policy of war risk insurance. Mr. Justice Holmes in delivering the opinion of the court uses the following language toward the end of the decision:

"When the United States went into the insurance business, issued policies in familiar form, and provided that in case of disagreement it might be sued, it must be assumed to have accepted the ordinary incidents of suits in such business."

These remarks are applicable to the present suit, and lend force to the contention that Congress intended to place the United States on the same footing as private parties, when it undertook to operate ships as merchant vessels.

My conclusion is that interest at 4 per cent. should be allowed on the sums heretofore awarded.

In the independent libels, let a decree be entered in each case for the amounts already awarded, with interest at 4 per cent. per annum from the date of furnishing the services, supplies or repairs until the entry of the decree, together with costs of suit. These decrees will carry interest at 4 per cent. until they are satisfied.

In the suits relating to the freight money, let the same procedure be followed, except that the decrees shall not carry interest after the date of their entry.