## THE ADA O. THE ABERCOS. SANGUINETTI v. UNITED STATES.

District Court, S. D. Texas, Galveston Division.
August 9, 1928.

No. 1305.

1. **Collision** ⬅91—**Descending or ascending vessels need not wait at fixed passing places in channel, where passing can be made by proper navigation.**

Descending or ascending vessels are not required to wait at fixed passing places in channel, where passing can be made, when ships are properly navigated, without resorting to device of fixed passing places.

2. **Collision** ⬅91—**Ship deliberately undertaking by passing signals to accomplish maneuver in narrow channel must conduct itself with care to keep agreement.**

Where channel is not only very narrow, but very difficult to negotiate, it is imperative that ship, deliberately undertaking by passing signals to accomplish maneuver in or in vicinity of such a passing point, shall conduct itself with care to keep agreement.

3. **Collision** ⬅91—**Collision in narrow channel held due to fault of ship failing to maintain proper steerageway; "navigation."**

Collision in narrow channel *held* due to fault of ship failing to maintain proper steerageway by reason of reducing speed; "navigation" meaning management requiring the exercise of judgment to use proper speed under changing circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Navigation.]

In Admiralty. Suit by A. Sanguinetti, master of the steamship Ada O, against the United States, owner of the steamship Abercos, wherein the United States filed a cross-libel. Decree for libelant and dismissing the cross-libel.

Loomis & Ruebush, of New York City, and Lockhart, Hughes & Lockhart, of Galveston, Tex., for libelant.

H. M. Holden, U. S. Dist. Atty., and Howell Ward, Asst. U. S. Atty., both of Houston, Tex.

HUTCHESON, District Judge. This is a suit for damages received through a collision between the Ada O and the Abercos in the Houston Ship Channel in Parker's Bend; libelant claiming that respondent was at fault, in that, after exchanging passing signals, it failed to so conduct its maneuvers as to carry out the passing agreement. In addition to the defense, respondent files a cross-libel.

[1] At the outset of the matter respondent's position was that the Ada O was at fault in proceeding up the channel after the boats had discovered each other, instead of, as they claim she ought to have done, waiting at the lower end of the bend for the Abercos to pass; but this defense the evidence wholly fails to sustain. There is neither rule nor custom, and there should be none, requiring either descending or ascending vessels to wait at fixed passing places in the channel. Passing can be and is, when ships are properly navigated, conducted all along the channel without resorting to the device of fixed passing places, and the evidence is overwhelming that neither ship felt or understood that the other was to wait at any specified place for the passing.

Respondent's second position is that, if the Ada O was without fault, the Abercos was also, and that the case is one of inscrutable fault, for which neither ship should be cast. Respondent points to the fact that both pilots, and some of the crew of both ships, testified that they had expected to pass without injury, and that until shortly before the collision no sense of danger was felt; that therefore, both ships having the right to come on and try for the passing, as they did, and the passing having actually fallen out in a place almost too narrow to permit of it, and this without fault on the part of any one, neither vessel should be cast.

[2] With this contention I cannot agree. It seems plain to me that, while there is no rule requiring vessels to wait for each other at particular places, the fact that in bends like Parker's the channel is not only very narrow, but very difficult to negotiate, makes it imperative that those who, by passing signals, deliberately undertake to accomplish a maneuver in or in the vicinity of such a passing point, shall conduct themselves with care to keep their agreement. The agreed passing was to be port to port. The Ada O claims she hugged her side of the channel, and that the Abercos crossed over into her water, while some on the Abercos claim that the Ada O squeezed them out of their right-ful water, and that the collision occurred on their side of the channel. On this point, while there is the usual conflict of testimony found in cases of this character, I think the weight of the testimony clearly establishes that the Ada O was proceeding on her side of the channel as agreed, and that the collision occurred over there through no fault of hers.

[3] Respondent says that, conceding this, the evidence shows, and I think it does, that it was proceeding very slowly, and that, while it is true the Abercos did not answer her helm, this was not due to negligence, but because of the fact that, in order to navigate carefully, she had to so reduce her speed as to lose her steerageway, I do not think a vessel which undertakes a passing maneuver can exonerate herself from fault for a collision, which occurs in the course of it, because of her failure to maintain proper steerageway, by claiming that this lack of steerageway was due to overcaution. The whole of navigation cannot be expressed in terms of speed. Navigation means management, and management requiring the exercise of judgment to use the proper speed under changing circumstances, neither more nor less, and it cannot be said to be good seamanship to so reduce the speed of a ship before entering a bend that she will not steer. It was the duty of those on the Abercos either to take her headway off altogether, and bring the vessel to a stop before reaching the difficult bend, or, if she would make the passing in the bend, to keep her under such navigation as that she would readily and nicely answer.

That the collision was due to fault in the navigation of the Abercos I think the depositions of the Abercos and the testimony of its pilot establish. There stands out in this testimony a lack of co-ordination and unity of purpose between the master and the pilot, and what should be the record of a purposeful navigation around a difficult point is instead a record of fumbling, distinguished by vacillation and uncertainty, punctuated now by expressions of apprehension and surprise at the coming on of the Ada O on the part of the crew of the Abercos, now by expressions of assurance from the pilot that she would not attempt to pass, resulting in maneuvers of such ill-defined and badly executed purport as that they were foredoomed to failure.

Believing, as I do, that the collision occurred because of the fault of those on the Abercos, in not handling their ship so as to make the maneuver which they had agreed

.to accomplish possible, it is my opinion that libelant should recover the amount of its damages and costs, and that the cross-libel of the respondent should be dismissed, also with costs against them.