### THE ADA O.

### THE ABERCOS.

### SANGUINETTI v. UNITED STATES.
#### No. 1305.

District Court, S. D. Texas, Galveston Division.

Nov. 25, 1932.

Lockhart, Hughes & Lockhart, of Galveston, Tex., for libelant.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex.

KENNERLY, District Judge.

This is a libel, filed *March 17, 1927,* under the Act of Congress of March 9, 1920 (c. 95, § 3, 41 Stat. 526, 46 USCA § 743), in which libelant sought to recover from respondent, damages resulting from a collision between the vessel of libelant and the vessel of respondent on *March 16, 1927,* and in which, on *August 23, 1928,* there was interlocutory decree for libelant with a reference to a commissioner to ascertain the damages. (D. C.) 27 F.(2d) 906. In his report filed *August 23, 1932,* the commissioner finds the amount of damages to be $2,117.81. He allows no interest. Libelant seasonably excepted to the commissioner's report, claiming interest from the date of the collision, *March 16, 1927.*

With respect to interest, the commissioner says:

"Owing to the lapse of time, the matter of interest claimed by libelant, under the Suits in Admiralty Act (March 9, 1920), is important. However, the statutes of March 3, 1925 [46 USCA § 782] and 1922 [Act May 15, 1922, 42 Stat. 1590] as construed by the United States Supreme Court, apparently deny interest on the items herein, both before and after judgment. Boston Sand & Gravel Co. v. U. S., 278 U. S. 41 [49 S. Ct. 52], 73 L. Ed. 170; The Hisko (Almirante Steamship Corp. v. U. S.), 54 F.(2d) 540 (2 C. C. A. 1931). The foregoing was a collision case in which interest was denied on the judgment. Circuit Judge Swan, page 542 [of 54 F.(2d)] says: 'The appellee has assigned error to the failure of the decree to allow interest. We are unable to accept the argument that an implication of authority to pay interest on the judgment is to be found in the prohibition that "no interest shall be paid on any claim" citing Boston Sand [& Gravel Co. v. U. S.], supra.'

"In U. S. v. Worley, 281 U. S. 339, 50 S. Ct. 291, 74 L. Ed. 887, interest denied on overdue war risk insurance installments."

The reference to the commissioner was, as stated, August 23, 1928, and the hearing before him was August 11, 1932, a delay of nearly four years. This delay libelant contends is due to libelant's inability to promptly obtain certain depositions from Italy, etc.

1. The rule seems settled that the United States is not liable for interest, except where it assumes the liability by contract, or by the express wording of a statute, or where it must pay interest as a part of the just compensation required by the Constitution. Boston Sand & Gravel Co. v. United States, 278 U. S. 47, 49 S. Ct. 52, 73 L. Ed. 170. Seaboard Air Line Ry. Co. v. United States, 261 U. S. 299, 43 S. Ct. 354, 67 L. Ed. 664. This case involves no contract of the United States, nor constitutional provisions, and the inquiry is whether, under the statute under which the suit is brought (Act of March 9, 1920, section 743, title 46, USCA), interest against the United States is allowable.

The two cases cited by the commissioner, Boston Sand & Gravel Co. v. United States, 278 U. S. 41, 49 S. Ct. 52, 73 L. Ed. 170, and The Hisko (Almirante S. S. Corp. v. United States), 54 F.(2d) 540 (C. C. A.), arose under special congressional acts, and are not controlling here. Under the Act of March 9, 1920, libelant is entitled to interest at the rate of 4 per cent. per annum (Shewan & Sons v. United States, 267 U. S. 86, 45 S. Ct. 238, 69 L. Ed. 527; United States v. Certain Subfreights Due The Neponset (D. C.) 4 F.(2d) 132), interest to run "as ordered by the Court."

924

The government insists that if interest is allowed, that, because of the delay in the hearing before the commissioner, it should not be allowed for the full period from the date of the collision. Libelant answers that such delay was not occasioned by the fault of libelant.

There seems to be no good reason why the hearing could not have been had before the commissioner within a period of one year from the date of the interlocutory decree. Interest will be allowed from March 16, 1927 (the date of the collision), to August 23, 1929, one year after the entry of interlocutory decree.