**David Roger LETTSOME, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 29136.

United States Court of Appeals, Fifth Circuit.

Nov. 16, 1970.

William D. Ruckelshaus, Asst. Atty. Gen., Robert W. Rust, U. S. Atty., Morton Hollander, Michael C. Farrar, Attys., Dept. of Justice, Washington, D. C., for defendant-appellant.

Arthur Roth, W. Clinton Green and Samuel Z. Goldman, Green & Hastings, Miami, Fla., for plaintiff-appellee.

Before BELL, THORNBERRY, and CLARK, Circuit Judges.

BELL, Circuit Judge:

This is the second appeal of this matter. The facts are set out in detail in the opinion of the court rendered on the prior appeal. Lettsome v. United States, 5 Cir., 1969, 411 F.2d 917.

The issues now presented arise out of our remand order and out of the action of the district court on remand. One ground of the prior appeal by the government was that the district court failed to pass on its contention that appellee Lettsome was guilty of contributory negligence. We affirmed the district court to the extent of its finding that the United States was negligent and was liable to appellee for its negligence. We said, however, in remanding the case for further proceedings:

"Whether, under the existing circumstances, Lettsome was guilty of contributory negligence, was an issue raised by the United States and not passed on by the trial court. We think the evidence on that issue presented a question of fact, which the trial court should have determined.

\* \* \* \* \* \*

"If the court finds Lettsome was guilty of contributory negligence, it should determine the amount by which his damages should be mitigated on account thereof and reduce the amount of his damage award accordingly."

Appellee was injured when he was thrown from a motorboat owned by the United States Navy. At the time, he was operating the boat at full speed in an effort to determine why the clutch was malfunctioning. The clutch disengaged, causing a loss of power. This caused the bow of the boat to nose into

the water from a high planing position and appellee was thrown from a standing position in the boat into the water. The clutch then slipped back into drive position, reengaged the gears and caused the boat to circle in the water. The propeller struck appellee's arm on the second or third circle and he suffered the painful and permanent injuries which are the subject matter of the suit underlying this appeal.

Our affirmance of the finding of negligence was based on the narrow circumstance that a civilian employee of the Navy failed to advise appellee that the particular defect in the motor was a slipping clutch and failed to warn him of the danger of operating the boat at a high rate of speed with such a clutch.

As we stated, there was evidence of record to make a fact question as to whether appellee was also negligent. Among other evidence to be considered were the facts that appellee was an experienced mechanic and was also experienced in the operation of this particular boat and outboard motor. He also knew that the clutch was not operating properly even if he did not know of the particular defect, i. e., the slipping clutch. Despite this knowledge and experience, appellee operated the boat at high rate of speed while in what may have been an insecure position.

On remand the district court handled the question by entering the following order: "The plaintiff was not guilty of any contributory negligence." No subsidiary findings of fact whatever were entered. This procedure was inadequate to resolve what we had already determined to be a question of fact for the district court. Rule 52(a), F.R.Civ. P. requires: "In all action tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon * * *."

Such findings of fact and conclusions of law are mandatory and must be sufficient in detail and exactness to indicate the factual basis for the ultimate conclu-

sion reached by the court. See Acme Boat Rentals, Inc. v. J. Ray McDermott & Company, 5 Cir., 1969, 407 F.2d 1324; Mladinich v. United States, 5 Cir., 1967, 371 F.2d 940; S. S. Silberblatt, Inc. v. United States for Use and Benefit of Lambert Corp., 5 Cir., 1965, 353 F.2d 545.

The judgment insofar as it rests on the conclusion that appellee was not guilty of any contributory negligence is vacated and the cause is remanded for findings of fact and conclusions of law not inconsistent with Rule 52(a) and the decisions of this court. Cf. Myles v. Quinn Menhaden Fisheries, Inc., 5 Cir., 1962, 302 F.2d 146, on form of findings and conclusions.

The other issue presented is also the result of the further order of the district court on remand. No interest was awarded in the original judgment. No cross-appeal was taken by Lettsome to contest the failure to award interest. See 9 Moore's Federal Practice, Par. 204.11(3), pp. 933–934, on the necessity of taking a cross-appeal where the claim of an appellee for interest has been rejected. See also Abel v. Brayton Flying Service, Inc., 5 Cir., 1957, 248 F.2d 713, 716–717; Browne v. Makin, 5 Cir., 1949, 177 F.2d 753.

Appellee's position is that the failure to award interest was a mere inadvertence which might be corrected once our mandate reached the district court. Rule 37, F.R.A.P., provides:

"Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. * * * *"

In the ordinary civil case, interest is due to be allowed on any money judgment recovered in a district court. 28 U.S.C.A. § 1961. Here, however, we do not have an ordinary civil case. This suit was brought under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, and the Public Vessels Act, 46 U.S.C.A. §§ 781–790. Under the former, interest is

not mandatory but may be included at the rate of four per cent on a money judgment until satisfied. 46 U.S.C.A. § 743. The Public Vessels Act adopts this provision of the Suits in Admiralty Act 46 U.S.C.A. § 782. See Boston Sand & Gravel Company v. United States, 1928, 278 U.S. 41, 49 S.Ct. 52, 73 L.Ed. 170, on United States being liable for interest in these circumstances only where statute so provides. See United States v. Certain Sub-Freights due the Neponset, D.C.Mass.1925, 4 F.2d 132, reversed on other grounds sub nom. United States v. Robins Dry Dock & Repair Co., 1 Cir., 1926, 13 F.2d 808, on the award of interest under § 743 being discretionary.

It thus is clear that the award of interest on remand on the original judgment came too late. Appellee was barred by the failure to take a cross-appeal from the absence of an award of interest on the money judgment as originally entered.

Reversed in part; vacated and remanded in part with direction.