Clarence McDONALD,
Plaintiff-Appellant,

v.

PATTON–TULLY TRANSPORTATION COMPANY and the M/V KATE TULLY, her engines, tackle, gear, etc., et al., Defendants-Appellees.

No. 76–4019.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1979.

Douglas C. Wynn, Greenville, Miss., John C. Sands, Chicago, Ill., Otto F. Putnick, Eugene M. Bogen, Greenville, Miss., for plaintiff-appellant.

Burkett H. Martin, Vicksburg, Miss., for Patton-Tully.

William G. Beanland, Vicksburg, Miss., for Orgulf-Transp.

Before COLEMAN, CLARK and RUBIN, Circuit Judges.

PER CURIAM:

Clarence McDonald was injured while working as a deckhand on the M/V A.P. BOXLEY, a towboat owned by his employer, Orgulf Transport Co. McDonald's injury occurred as he attempted to add to a string of LASH barges from the M/V KATE TULLY, owned by defendant Patton-Tully Transportation Co. McDonald sued Orgulf under the Jones Act, 46 U.S.C. § 688, in the United States District Court for the Southern District of Ohio, claiming that his employer's negligence was a proximate cause of his injury, and that the BOXLEY was unseaworthy. McDonald also filed suit against Patton-Tully Transportation Co. in the United States District Court for the Southern District of Mississippi under the Jones Act and the general maritime law, alleging that the unseaworthiness of the KATE TULLY and the negligence of employees of Patton-Tully contributed to his injury. The suit against Orgulf was transferred to the Southern District of Mississippi where both cases were consolidated for trial.

After a bench trial, the court found that at the time McDonald was injured the BOXLEY was unseaworthy because the crew provided to perform the task of securing the new barges to the tow was inadequate and supervision of the crew was insufficient. The court found that McDonald could not recover from Patton-Tully, because he was not a crew member of the KATE TULLY, nor an employee of Patton-Tully, nor was any crew member of the KATE TULLY negligent in performing his duties. The court assessed damages against Orgulf in the amount of $40,000, including maintenance and cure, and medical expenses. In fixing the amount of compensation, the court voiced a "firm conviction that plaintiff's injury was largely of his own making."

McDonald appealed, alleging a variety of errors, principally that the lump sum damage award could not be adequately reviewed, and that the court had failed to specify the degree to which the injury was the fault of the plaintiff. This court remanded the case with instructions to the trial court to make additional findings with respect to the percentage of fault attributable to McDonald, and the reasons for that determination, see *Lettsome v. United States,* 5 Cir. 1969, 411 F.2d 917, appeal after remand, 1970, 434 F.2d 907, appeal after remand, 453 F.2d 395, and to explain how it calculated the total amount of damages suffered by McDonald. *See, e. g., Neill v. Diamond M. Drilling Co.,* 5 Cir. 1970, 426 F.2d 487 (on petition for rehearing).

The trial court filed a supplemental opinion, complying with the order of this court. It explained that McDonald's injury was largely of his own making because he had either jumped or stepped across the barges before they were secure. The court speci-

fied that McDonald was two-thirds responsible for the injury, the remaining liability resting with Orgulf because of its negligence.

The court also elucidated its calculation of damages. It accepted McDonald's evidence of lost wages in the amount of $149,-580. This figure was rounded off to $150,-000, and apportioned equally between the principal defendants, Orgulf and Patton-Tully. Reducing the amount by two-thirds to account for his negligence, the court awarded McDonald $25,000 against Orgulf for lost wages. In addition, the court awarded $9,000 for medical expenses, $12,-000 for past pain and suffering, and $24,000 for future pain and suffering, less two-thirds for McDonald's negligence.

Having reviewed the trial court's opinions in this case, and the record as a whole, we find that the trial court's findings of fact are not clearly erroneous, and must be affirmed. F.R.C.P. 52(a). However the trial court's apportionment of the lost wages between the principal defendants was erroneous as a matter of law, and it is not entitled to the presumption of correctness afforded by Rule 52(a).

 The court apportioned damages for lost wages between the principal defendants because, in its words, "Plaintiff, by his own admission, did *not* seek a joint and several judgment against these Defendants; he sought to have liability imposed 'severally only.'" It thus concluded that a party who seeks damages severally from two defendants may recover only one-half from each even if only one is found to be at fault. This conclusion was not buttressed by citation to any authority, nor have we been able to discover any support for its rationale. One defendant cannot enjoy a reduction of the amount of damages it occasions by its negligence simply because the plaintiff has chosen also to sue another defendant who was ultimately found not responsible for the injury. *Compare* Restatement (Second) of Torts § 433A (1965). *See generally* W. Prosser, Handbook of the Law of Torts § 52 (1971 4th ed.). The court found that McDonald's injury and consequently his lost wages were attributable in part to his own fault, and in part to the negligence of his employer, Orgulf. The damages ought to be apportioned between Orgulf and McDonald alone; there is no justification for denying a part of the plaintiff's loss on the basis that Patton-Tully was not liable. Accordingly, we modify the award of damages by the trial court, and direct it to increase the award so that McDonald shall receive a total of $64,860 [⅓ × ($149,580 + $9,000 + $12,000 + $24,000)] to compensate him for his damages.

Affirmed in part, reversed in part.