Marshall, Ch. J.,
 

 delivered the opinion of the court.
 

 The first point made in this case, by the attorney for the United States, is, that the deed of the 16th of January 1799, is fraudulent as to creditors generally. It is not alleged, that the consideration was feigned, or that there was any secret trust between the parties. The transaction is admitted to have been, in truth, what it purports to be ; but it is contended, that the deed, on its face, is fraudulent as to creditors.
 

 The deed is made to save Hooe harmless on account of his having become the security of Fitzgerald to the United States, and on account of notes to be indorsed by Hooe for the. accommodation of Fitzgerald in the bank of Alexandria. These are purposes for which it is supposed this deed •of trust could not lawfully have been executed ; and the deed has been pronounced fraudulent under the statute of 13th of Elizabeth.
 

 That statute contains a proviso, that it shall not extend to conveyances made upon good consideration, and
 
 bond fide.
 
 *The goodness of the pgg 'Consideration, in the case at bar, has been admitted ; but it is alleged, *-
 
 *54
 
 that the conveyance is not
 
 bond fide ;
 
 and for this,
 
 Twyné’s Case
 
 has been, principally relied on. But in that case, the intent was believed by the court to be fraudulent, and in this case, it is admitted not to have been fraudulent. It is contended, that all the circumstances from which fraud was inferred in that case, are to be found in this ; but the court can find, between them no trait of similitude. In that case, the deed was of all the-property ; was secret; was of chattels, and purported to be absolute, yet the-vendor remained in possession of them, and exercised marks of ownership-over them. In this case, the deed is of part of the property ; is of record is of lands, and purports to be a conveyance which, according to its legal operation, leaves the property conveyed in possession of the grantor. In the-case of
 
 Hamilton
 
 v.
 
 Russell
 
 (1 Cr. 310), this court declared an absolute bill of sale of a personal chattel, of which the vendor retained the possession, to-be a fraud. But the difference is a marked one between a conveyance which-purports to be absolute, and a conveyance which, from its terms, is to leave the possession in the vendor. If, in the latter case, the retaining of possession, was evidence of fraud, no mortgage could be valid. The possession universally remains with the grantor, until the creditor becomes entitled to his-money, and either chooses or is compelled to exert his right. That the-grantor is to receive the rents and profits until the grantee shall become-entitled to demand the money which the deed is intended to secure, is a usual covenant.
 

 That the property stood bound for future advances is, in itself, unexceptionable. It may, indeed, be converted to improper purposes, but it is not positively inadmissible. It is frequent, for a person who expects to become-more considerably indebted, to mortgage property to his creditor, as a. security for debts to be contracted, as well as for that which is already due. All the covenants in this deed appear to the court to be fair, legitimate and consistent with common usage. It will barely be observed, that the validity of this conveyance is to be tested by the statutes of Virginia, which embrace-this subject. But this is not mentioned as having any influence in this case.
 

 *The second point for which the plaintiffs contend is, that this is-a case in which the priority of payment claimed by the United States-in cases of insolvency, intervenes and avoids the deed. This claim is opposed on two grounds. It is contended, 1st. That at the time of making this, deed, Fitzgerald was not insolvent in point of fact; and 2d. That this deed was not a transaction which evidences insolvency under the act of congress.
 

 In construing the statutes on this subject, it has been stated by the court,, on great deliberation, that the priority to which the United States are entitled does not partake of the character of a lien on the property of public debtors. This distinction is always to be recollected.
 

 In the case at bar, it will be observed, on the first objection made by the-defendants, that the insolvency, which is the foundation of the claim, must certainly be proved by the United States. It must appear, that at the time of making the conveyance, Fitzgerald was
 
 “
 
 a debtor not having sufficient property to pay all his debts.” The abstract from the books of the treasury is undoubtedly complete evidence so far as it goes ; but it is not intended to-show the state of Fitzgerald’s accounts in January 1799. If that had been its object, it would have credited him for the bonds then reported to be on hand. If the case turned entirely on this point, the court would probably
 
 *55
 
 send it back for further explanation respecting it. But this would be unnecessary, as it is the opinion of the court, that the decree is right, however this fact may stand.
 

 If a debtor of the United States, who makes a
 
 bond fide
 
 conveyance of part of his property for the security of a creditor, is within the act which gives a preference to the government, then would that preference be in the the nature of a lien, from the instant he became indebted ; the inconvenience of which, where the debtor continued to transact business with the world would certainly be very great.
 

 *The words of the act extend the meaning of the word insolvency pg-to cases where “ a debtor, not having sufficient property to pay all his L debts, shall have made a voluntary assignment thereof, for the benefit of his or her creditors.” The word “property ” is unquestionably all the property which the debtor possesses; and the word “ thereof ” refers to the word “property” as used, and can only be satisfied by an assignment of all the property of the debtor. Had the legislature contemplated a partial assignment, the words “ or part thereof,” or others of similar import, would have been added. If a trivial portion of an estate should be left out, for the purpose of evading the act, it would be considered as a fraud upon the law, and the parties would not be enabled to avail themselves of such a contrivance. But where a
 
 bond fide
 
 conveyance of part is made, not to avoid the law, but to secure a fair creditor, the case is not within the letter or the intention of the act.
 

 It is observable, that the term insolvency was originally used, and the subsequent sentence is designed to explain the meaning and intent of the term. The whole explanation relates to such a general divestment of property, as would, in fact, be equivalent to insolvency in its technical sense. It is the opinion of the court, that there is no error in the decree of the circuit court, and that it be affirmed.
 

 After the opinion was given, it was stated, that the court below had decreed the United States to pay costs, and it was suggested, that that circumstance might have escaped the notice of this court, in affirming the decree generally.
 

 Mason
 
 observed, that costs were only given by statute, and that the United States are not bound by a statute, unless they are expressly named in it. That there was no means of compelling the United States to pay them.
 

 Marshall, Ch. J. — That would make no difference, because we are to presume they would pay them, if bound by law so to do.
 

 [*92 *
 
 Mason.
 
 — There is no precedent of a judgment against the United States for costs. In the case of the
 
 United States
 
 v.
 
 La
 
 Vengeance, 3 Dall. 301, the decree of the circuit court was affirmed, with costs. But the next day the Chief Justice directed the'words “with costs ” to be stricken out, as there appeared to have been some cause for the prosecution. But he observed, in doing this, the court did not mean to be understood as at all deciding the question, whether, in any case, they could award costs against the United States, but left it entirely open for future discussion.
 

 
 *56
 
 March éth. The Court directed the decree of the court below to be affirmed, except as to costs, and reversed so much of the decree as awarded .the United States to pay costs, and directed that no costs be allowed to either party in this court.
 

 )
 
 Present, Marshall, Oh, J., Gushing, Paterson, Washington and Johnson, Justices.