*December*, 1824.

## Malone and Lyon *against* Hamilton.

S. by deed to M. and L. conveys slaves to secure the payment of four notes from him and others, with power to sell to pay the debts from proceeds, and to pay the surplus to S.; but if the installments shall be punctually paid, and the whole of said debts be extinguished, the deed to be void. S. remains in possession. The deed is not fraudulent per se, nor does the resulting trust make it fraudulent.

THIS was an appeal from the Circuit Court of *Washington* County. A fi. fa. at the suit of the appellee against *Alexander B. Smoot*, was delivered to the Sheriff of *Washington* County on the third and on the fifth of *February*, 1823, levied on five slaves. The appellants claimed title. A trial of the right of property was had in conformity with the Statute, and a verdict and judgment rendered against the appellants. On the trial they gave in evidence a deed between *Smoot* of the first, themselves of the se-

cond, and the President, Directors and Co. of the *Tombeck-bee Bank* of the third part, dated 22d and acknowledged on the 23d of *March,* and recorded on the 31st of *May,* 1822. The deed sets out that *Smoot,* in order to secure the payment of four notes from him and others to the Bank, (stating their dates, amounts, and times of payment,) and in consideration of $1 paid by the appellants, bargains and sells to them seven slaves, (naming and describing them) to have and to hold to them and their heirs forever, " in " trust to pay and satisfy from the proceeds of said proper- " ty the debts as aforesaid, as the instalments on the same " may become due ; and for that purpose the said *Thomas* " *Malone* and *James G. Lyon* are, and each them is, hereby " vested with power to sell the aforesaid property at public " sale to the highest bidder, &c. ; and the money arising " from the sale to apply to the payment of the said instal- " ments of the said debts after deducting the necessary " expenses ; and the surplus, after paying the debts, to re- " fund to said *Alexander B. Smoot.* But if the instalments " of said debts shall be punctually paid as they become due, " and the whole of said debts be extinguished, then this " indenture to be void, &c." It appeared in evidence that the slaves had continued in *Smoot's* possession ; and it did not appear that there had been any actual delivery to appellants ; that the promissory notes were bona fide due to the Bank. On the day on which the deed was dated, $1700, as set forth in one of the notes, were lent to *Smoot* on a proposition for a further loan, and to secure the debts already due from him to the Bank. The slaves levied on were a part of those conveyed by the deed to appellants.

The Circuit Court charged the Jury—1. That as the deed contained no clause shewing that the possession was to remain with *Smoot,* the deed was *per se* fraudulent.

2. The trust created by the deed for the benefit of *Smoot* made it fraudulent.

To which charge the claimants excepted, and on their appeal to this Court they assign the matter of the bill of Exceptions as Error.

*Crawford* for appellants—To shew that when a convey-ance does not purport to be absolute, possession continuing with vendor is no badge of fraud, cited 3 Cra. 73. Powell on Mortgages, 225, 12, 13. 5 John. 261. Even when the deed is absolute, possession in vendor is not conclusive evi-dence of fraud. 8 John. 452. 9 John. 342. 2 Bos. and P. 59. 1 Taun. 381. 4 Taun. 823. 10 Vez. 146. The

DECEMBER, 1824. accountability of granter is not a fraud upon any creditor.

Malone
and Lyon
v.
Hamilton.

5 Mass. 51.   6 Mass. 343.   1 Burrow, 478 to 480.   He also cited 4 Whea. 507.   7 Whea. 565 and 7.   7 Cra. 565.

*Salle* for appellee—In support of the charge of the Court cited Twine's case.   3 Coke's Rep. 81.   1 Cra. 309.   2 T. Rep. 587.   Edwards *v.* Harbin.   1 Wilson, 260.   Harg. and B.   Notes to Coke Litt. 205 (*a*).   1 Shepherd's Touchstone, 66.   4 Bin. 258.   2 Mun. 341.   9 John. 337.   Laws Ala. 244.   1 Burrow, 396.   1 Atkins, 167, 175, 179, 183. Cowper, 435.

To the general rule that the conveyance is to be deemed fraudulent, there are only the following exceptions, within none of which the present case comes : Marriage Settlements, as in Cowper, 432.   3 Term. R. 620, in notes. Property purchased at Sheriff's sales and left with debtor for honest or benevolent purposes.   2 Bos. and P. 58.   3 Esp. R. 52.   4 Taun. 822.   Goods left with vendor to sell for benefit of vendee.   9 John. 341.   Precedents in, chancery, 255.   Money lent to purchase goods and bill of sale for them from borrower to lender.   1 Ld. Raym. 286. Conveyance made with consent of the creditor.   Vessels at sea, &c.   Powell on Mortgages, 41, 42.   Conveyance to secure a future contingent debt.   Powell on Mortgages, 42, 3 and 4.   3 Cra. 73.   Where the parties do not stand in the relation of debtor and creditor.   9 John. 135 ; or when other good reasons can be assigned for their non-delivery. 5 John. 335.

Judge *Minor* delivered the opinion of the Court.

It does not seem necessary in this case to consider whether an absolute deed of conveyance of personal property, the possession of which remains in the vendor, is fraudulent per se.

From the face of the deed in question, it was not intended and could not be understood as an absolute deed of conveyance, but was obviously in the nature of a mortgage, to secure and indemnify the *Tombeckbee Bank* against a future contingency.   The estate and power vested in the trustees were to be defeated, if the instalments of the debts intended to be secured should be punctually paid.   (Coke Litt. 201.)   It is true the deed does not state in so many words, that until a failure of payment possession shall remain in *Smoot* ; nor is any power expressly given to the trustees to take possession immediately, and apply the hire and profits to the satisfaction of the debts ; their powers are

restricted to the purpose of satisfying the debts or instalments thereof, as they should become due by public sale of the property in the manner prescribed. A part of the debts were not to fall due until 90 days after the making of the deed. The trustees were not entitled to take possession sooner than it should be necessary in order to carry the purposes of the trust into effect ; and the separation of the possession from the title, under such circumstances, was evidently not incompatible, but perfectly consistent, with the deed. 1 Cra. 309. Powell on Mortgages, 43, 44, 49. 2 Term, 594—9. 9 John. 344. 1 Atkins, 167. 3 Cra. 73. 10 Vezy jr. 146.

From the provision of the deed, that the surplus, after satisfying the debts and expenses, shall be paid to *Smoot*, it is not necessarily to be inferred that the conveyance was made with intent to delay, hinder, or defraud creditors. If this had not been expressed, it would have been clearly implied. In either case the trustees would have been bound to pay the surplus to *Smoot*, unless his creditors interposed ; and in the one case as in the other, they must, it would seem, have pursued their remedy in the same way, by resorting to equity to compel the trustees to sell and account for the surplus, or by attaching the surplus in their hands as Garnishees. 3 Cra. 73. 1 Burrow, 478, 480. 5 Mass. 51. Laws Ala. 316.

It is the unanimous opinion of the Court that the judgment of the Circuit Court must be reversed, and the cause be remanded.