## JAMES SHEWAN & SONS, INC. *v.* UNITED STATES.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 42.  Argued October 7, 8, 1924.—Decided March 2, 1925.

A libelant whose libel against the United States for repairs on a vessel was dismissed by the District Court but sustained by this Court on appeal, *held* entitled, under the Suits in Admiralty Act, to costs in the District Court and this Court, and interest as that court shall order in accordance with the statute. P. 87.

APPEAL from a decree of the District Court in Admiralty which dismissed a libel for repairs. The decree was reversed (See 266 U. S. 108,) and the present decision is upon an application to withdraw the mandate and to award costs.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

On November 17, 1924, this Court reversed the decree of the District Court for the Southern District of New York, dismissing a libel in admiralty against the United States, brought to recover the value of repairs made on the steamship Biran, owned by the United States. The suit

was brought under an act authorizing suits against the United States in admiralty, etc., approved March 9, 1920, ch. 95, 41 Stat. 525. Nothing was said in the opinion about costs. The ordinary rule is that costs are not allowed against the United States. *Pine River Company* v. *United States,* 186 U. S. 279, 296; *Stanley* v. *Schwalby,* 162 U. S. 255, 272; *United States* v. *Ringgold,* 8 Peters, 150, 163; *The Antelope,* 12 Wheaton, 546, 550. The mandate issued by the Clerk accordingly did not award any costs against the United States. The appellant now applies for a withdrawal of the mandate, in order to award them. He relies on Section 3 of the act under which the suit was brought. That provides that such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. A decree against the United States may include costs of suit, and when the decree is for money judgment, interest also at the rate of 4 per cent. per annum until satisfied, or at any higher rate which shall be stipulated in any contract upon which such decree shall be based. Interest is to run as ordered by the court. In accordance with this provision we must assess the costs of this appeal against the United States and direct the District Court to assess also the costs of suit in that court and interest as that court shall order it in accordance with the statute.

*It is so ordered.*