CONNERS MARINE CO., Inc., v. PETTER-
SON LIGHTERAGE & TOWING
CORPORATION et al.

No. 84.

Circuit Court of Appeals, Second Circuit.

Dec. 21, 1945.

Edmund F. Lamb, Thomas J. Irving, and Purdy & Lamb, all of New York City, for Conners Marine Co. Inc.

Robert S. Erskine, John F. Gerity, and Kirlin, Campbell, Hickox & Keating, all of New York City, for Petterson Lighterage & Towing Corporation.

Vincent A. Catoggio and John F. X. McGohey, U. S. Atty., both of New York City, for the United States.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

In our opinion disposing of the merits we held the United States liable to the Petterson Company, not in the admiralty, but under the Tucker Act, § 41(20), Title 28, U.S.C.A., and the Petterson Company now asks for costs in this court under § 258, Title 28, U.S.C.A. That statute limits costs in a proceeding under the Tucker Act to the amounts "actually incurred for witnesses and for summoning the same and fees paid to the clerk of the court"; and the Fifth Circuit, in United States v. Jacobs, 63 F.2d 326, held that this language did not cover appeals, which remained subject to its local rule, similar to our Rule 29(3). No reason was given, but presumably the language which we have quoted was deemed too circumscribed to include more than costs in the district court. The Supreme Court, in United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746, held § 258, Title 28, U.S.C.A. applicable to suits in district courts, and in James Shewan & Sons, Inc. v. United States, 267 U.S. 86, 45 S.Ct. 238, 69 L.Ed. 527, it held that the provision for costs in the Suits in Admiralty Act (§ 743, Title 46 U.S.C.A.) included appellate costs. However, the language of § 743 of Title 46, U.S.C.A. is general; and it does not follow that § 258, Title 28, U.S.C.A. should be construed as broadly. Express warrant must always be found for assessing costs against the United States, and the meaning of the language quoted is not certain enough to induce us to differ from the only decision, although this was indeed reversed on another point in Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1. We hold therefore that the section does not apply to appeals.

We take this occasion, however, to correct an oversight in Admiral Oriental Line v. Atlantic Gulf & Oriental S. S. Co., 2 Cir., 88 F.2d 26, where we held that no costs whatever are taxable in the district

court against the United States under the Tucker Act. We assume that neither § 258, Title 28, U.S.C.A. nor United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746, were then brought to our attention; but, be that as it may, it is clear that we should have awarded costs to the extent allowed by that section. Nothing that we now decide is to be taken as foreclosing the exercise of district court's discretion in the case at bar.

Motion denied.