**NORTH ATLANTIC & GULF S. S. CO., Inc.**
v.
**UNITED STATES.**
No. 49, Docket 22781.

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1953.

Decided Jan. 14, 1954.

Burlingham, Hupper & Kennedy, New York City (Eugene Underwood, New York City, and Frank I. Fallon, Scarsdale, of counsel), for plaintiff-appellee.

J. Edward Lumbard, U. S. Atty., New York City, Pyne, Lynch & Smith, New York City, Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney and Morton Hollander, Washington, D. C., Attorneys (Leo J. Curren, Attorney, Department of Justice, New York City, Anthony V. Lynch, Jr., Brooklyn, of counsel), for defendant-appellant.

Before CHASE, Chief Judge, and AUGUSTUS N. HAND and MEDINA, Circuit Judges.

CHASE, Chief Judge.

The sole question presented on this appeal is whether certain items allowed by the court below in a retaxation of costs were within its jurisdiction to tax as costs against the United States.

A steamship owned by the government was being towed in the East River by four tugs when it broke loose and crashed into and damaged some piers, on the Manhattan side, struck some ships moored there, killed some persons and injured others. The appellee brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., a number of suits in admiralty were brought against it by other parties, and the tugs each filed petitions for exoneration or limitation. The appellee's suit was transferred to the admiralty calendar of the court and, having been consolidated for trial with the others, and tried with them, judgment against the government was entered which is not now contested except as to the allowance of costs.

Before trial, the United States served a notice upon the appellee for the taking of the deposition of a witness upon oral interrogatories in San Francisco, Cal. The appellee then moved under Rule 12 of the Civil Rules of the District Court for the Southern District of New York [1] for an order requiring the government to pay the reasonable expenses and fees of an attorney in going from New York to San Francisco and return to represent the appellee at the taking of the deposition. After hearing, an order was entered granting the motion to the extent of transportation and hotel expenses of one attorney and his per diem for two days travelling time and for each day actually spent at the taking of the deposition, the amount of the per diem to be agreed upon, or in the absence of agreement, to be later fixed by the court. The amounts were then stipulated at $395 for expenses and $300 for the attorney's fee and it was ordered that payment of those amounts be made to the appellee not less than seven days before the date on which the deposition was to be taken.

Thereafter a motion by the government for reargument was granted and it was urged that the order should be vacated on the ground that it was beyond the jurisdiction of the court, the allowance of attorney's fees as costs taxable against the government being prohibited by Section 2412(b) of Title 28 U.S.C., no other statute expressly providing for such allowance. The motion to vacate

---

1. Now covered by Civil Rule No. 4 of that court.

was denied but, it appearing that the government then had no funds available for payment before the deposition was taken, the order was modified by the omission of that requirement and, as amended, read as follows:

> "*Ordered* that defendant pay to plaintiff's attorneys the amount of $395, expense of attendance and an attorney's fee of $300 as a condition to the taking of the deposition of the witness Eugene H. Tannehill at San Francisco, California."

When costs were taxed by the clerk the above items were disallowed but they were allowed as costs by order of Judge Conger. In the district court the taxability of two attorney's docket fees, one of $10 and one of $20 which were also taxed as costs against the government was not disputed. Nor in the original brief filed by the government in this court was the taxability of the docket fees or expenses questioned and it was stated that the only issue raised was the taxability of the attorney's fees as costs. But in a reply brief it is argued that there was no jurisdiction to tax as costs the docket fees or the expenses of the attorney. Such matters are clearly within the scope of the appeal taken from the judgment and failure to question the allowance of them below, or in the original brief filed in this court, is not fatal. A jurisdictional question is presented which could not be waived and may first be raised here. United States v. U. S. Fidelity Co., 309 U.S. 506, 514, 60 S.Ct. 653, 84 L.Ed. 894.

The general principle that the United States, as a sovereign, can be sued only in accordance with its consent and that its liability is limited by whatever may be the bounds of its consent applies to the imposition of costs against it. United States v. Chemical Foundation, 272 U.S. 1, 20, 21, 47 S.Ct. 1, 71 L. Ed. 131. Consequently, only such costs can be taxed against the government as Congress has seen fit to permit. See Shewan & Sons, Inc. v. United States, 267 U.S. 86, 45 S.Ct. 238, 69 L.Ed. 527.

This suit was for the recovery of damages sustained in 1947 and was begun on June 15, 1948, before admiralty jurisdiction was enlarged by Section 740, of Title 46 U.S.C.A. to include actions for damages to piers injured as these were. Its original character as a suit under the Tort Claims Act was not altered by its transfer to the admiralty calendar of the court and trial there with the actions and proceedings in admiralty involving the same facts.

Costs against the United States in suits under the Tort Claims Act are allowable in accordance with U.S.C. Title 28, Section 2412(c) which provides that,

> "In an action under subsection (b) of section 1346 of this title, costs shall be allowed in all courts to the successful claimant, but such costs shall not include attorneys' fees."

These docket fees were payable to the appellee's attorney, fall within the exclusionary provisions of the above statute, and their allowance was beyond the jurisdiction of the court. They are now disallowed. McConville v. United States, 2 Cir., 197 F.2d 680, 684. The provisions for the allowance of attorney's fees in Title 28, Section 2678 relate to the fees attorneys may be allowed out of the amount recovered from the government and not to costs against the government in addition to such recoveries. That section obviously is not here pertinent.

We think, however, that a distinction is to be drawn between attorney's fees in general which are paid attorneys by parties in litigation with the government, and attorney's fees and expenses which were the basis for computing what was here allowed as costs in connection with the taking of the deposition in San Francisco. It was the government that gave the appellee notice of the taking of the deposition upon oral examination at a place more than 150 miles from the courthouse. Rule 12 of the Civil Rules of the District Court for the Southern District of New York provided, in so far as now pertinent, that

"In the case of a proposed deposition upon oral examination at a place more than 150 miles from the courthouse, including the case of a deposition before action or pending appeal, the court may provide in the order therefor, or impose as a condition of denying a motion to vacate a notice thereof, that the applicant shall pay the expense of the attendance of one attorney for the adverse party or parties, or expected party or parties, at the place where the deposition is to be taken, including a reasonable counsel fee, which amounts shall be paid prior to such examination, * * * "

The above quoted provisions of this rule are consistent with those of Rule 30 (b), Fed.Rules Civ.Proc. 28 U.S.C. and supplement them in respect to the protection of a party from embarrassment, annoyance and oppression. They are an example of a way in which the district courts may regulate their practice in accordance with Rule 83, F.R.C.P. Thus the requirement for the payment of attorney's fees and expenses as a condition upon the taking of the deposition was pursuant to the Federal Rules of Civil Procedure which Rule 1 F.R.C.P. makes applicable in this case. But for the modification of the original order the payment would have had to have been made before the deposition was taken and it was only because funds were unavailable for such payment that the government was permitted to take the deposition without such prepayment. The amount ordered paid has become a part of the costs taxed only because this consideration was given the government. It, as a party desiring to take a deposition, was subject to the same rules of procedure in respect thereto as any other party. Cf. Bank Line v. United States, 2 Cir., 163 F.2d 133, 138. The condition imposed upon the taking of the deposition being in accordance with the applicable rules and within the jurisdiction of the court, the enforcement of compliance with it is not put beyond the court's jurisdiction by the fact that postpayment instead of prepayment was required.

True, the amount of the payment ordered to be made as a condition upon the taking of the deposition was measured by the amount of the expenses and fee of an attorney, was so designated in the order, was made payable to the plaintiff's attorneys and such designations were carried into the order retaxing the costs, but the total amount was, nevertheless, a lawfully imposed condition upon the taking of the deposition. It is that over-all characteristic of the amount here taxed as costs which controls rather than the nature of the items which were taken into consideration in arriving at that amount.

Judgment modified by striking from it the attorney's docket fees. As so modified, affirmed.