HEIRS OF JAVIER ARROYO ETC., Plaintiffs and Respondents, v. MUNICIPALITY OF CABO ROJO, PUERTO RICO, COMMONWEALTH OF PUERTO RICO and WILLIAM MEDINA TORRES, Defendants and the latter Petitioner.

No. 88. Submitted May 18, 1959.—Decided May 28, 1959.

Hiram R. Cancio, Secretary of Justice (Francisco Espinosa, Acting Secretary of Justice, on the petition for review and on the memorandum), Arturo Estrella, Assistant Secretary of

*Justice,* and *Jorge Ruiz Rivera, Assistant Attorney General,* for petitioner. *Yamil Galib Frangie* for respondents. *Inés Acevedo Campos,* counsel for Mr. Medina.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

▇ The trial court deemed that it had authority to adjudge the Commonwealth to pay attorney's fees in a suit for damages filed under the Act on Claims and Suits against the Commonwealth of 1955. 32 L.P.R.A. Cum. Suppl. 1958, § § 3061–3107. Although in its judgment it made no specific finding that this codefendant had acted rashly, it adjudged the latter as losing party to pay plaintiffs $500 for attorney's fees. Hence, in accordance with our jurisprudential doctrine, we must assume that such finding is implied in the judgment rendered. See *Font* v. *Pastrana,* 73 P.R.R. 238, 247 (1952) and *Rodríguez* v. *Alcover,* 78 P.R.R. 783, 786 (1955). We issued the writ of review in view of the importance of the question thus raised.

▇ Prior to 1955 there was no legal provision in Puerto Rico authorizing the courts to impose costs and attorney's fees against the state. This emerges perfectly clearly from an analysis of our legislation. And with unquestionable correctness this Court has so proclaimed it on different occasions in its long line of decisions. For example, in *People* v. *García,* 66 P.R.R. 478 (1946) we indicated that the right to just compensation of the owner of a condemned property "does not include the award of costs, disbursements, and attorney's fees" and at the same time we reversed the pronouncement of the lower court which imposed the payment of costs and attorney's fees on the state in a condemnation proceeding. We declared that: "since we have no local statute authorizing the courts to impose costs and attorney's fees on The People of Puerto Rico, the lower court erred in making the award." (p. 487.) Several years later, in *Martínez & Márquez* v. *Sancho Bonet, Treas.,* 76 P.R.R. 857 (1954), upon affirming a judgment granting a complaint in

an action for refund of taxes, we repeated our holding that "the Court erred in the imposition of costs [on the Commonwealth] since the sovereign has not consented by any specific statute to the imposition of costs" (p. 859). On this point, the only general provision that existed in our statutes was one prohibiting the imposition of costs and attorney's fees on the state. In effect, § 5 of Act No. 76 of 1916 (Sess. Laws, p. 151) provided expressly as follows: "Attorney's fees, disbursements and costs shall never be included in any judgment against The People of Porto Rico." Sess. Laws, p. 151: 32 L.P.R.A. § 3065.

Now then, was this rule of exclusion altered by virtue of Act No. 104 of 1955? (Sess. Laws, p. 550.) As to the *costs* it undoubtedly was. The express words of the lawmaker foreclose any possibility of discussion on this matter. First: Section 11 of the said Act repealed the general prohibition contained in Act No. 76 of 1916, as amended. See 32 L.P.R.A. 1958 Cum. Suppl., § § 3062–3073 and the note under § 3077. Second: Section 8 provides that the judgment against the People in authorized actions "shall in no case include payment of interest for any period prior to the judgment or grant punitive damages" but it immediately adds in unequivocal terms: *"The levying of costs shall be governed by the regular procedure."* (Italics ours.) 32 L.P.R.A. 1958 Cum. Suppl., § 3083. Therefore, there are no reservations or differences concerning the expenses or disbursements which have the concept of "costs", in accordance with the provisions of § 327 of the Code of Civil Procedure (32 L.P.R.A. § 1461) and in Rule 44 of the Rules of Civil Procedure of 1958 (32 L.P.R.A. 1958 Cum. Suppl., App. R. 44). If the state is the losing party in an action authorized by Act No. 104 of 1955, the imposition of costs is mandatory. In this concept the state is just as responsible as any private citizen; it is well-known that the legal provisions in force on "costs" do not grant any discretion whatsoever to the

courts, whereby they must always impose them on the party against whom judgment is rendered. See *Vélez* v. *Ríos*, 76 P.R.R. 806 (1954) and *Colón* v. *Asociación Azucarera Cooperativa Lafayette*, 67 P.R.R. 250 (1947). *Cf. Sierra, Commissioner* v. *Morales*, 72 P.R.R. 647 (1951).

However, such is not the case in the imposition of attorney's fees. Certainly these do not form part of the *"costs"* mentioned in § 8 of Act No. 104 of 1955. A brief survey shall clear the question. Originally, pursuant to § 327 of the Code of Civil Procedure (1933 ed.), the imposition of costs was discretionary and included attorney's fees, unless the court excluded them in an explicit manner. Hence, the amount thereof was determined upon approving the memorandum of costs. See *Díaz* v. *Ramos*, 54 P.R.R. 3 (1938) and cases cited therein.[1] But after the enactment of Act No. 69 of 1936 (Sess. Laws, p. 352) and from Act No. 94 of 1937 (Sess. Laws, p. 229), which radically amended said § 327, there arises in Puerto Rico a disassociation between the concepts of "costs" and "attorney's fees." Under the label of costs properly speaking a series of disbursements are enumerated and specified, none of which embrace the item of attorney's fees. The imposition of those costs on the losing party is no longer discretionary and becomes an inexcusable

---

[1] Said § 327 provided in 1933 as follows:

"Parties to actions or proceedings, including The People of Puerto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided*, That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further*, That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered." Code of Civil Procedure (1933 ed.), p. 155.

and mandatory order.[2]   But as to attorney's fees, it is provided that they may only be granted when the losing party "shall have acted rashly."   Besides, we cannot include attorney's fees in the memorandum of costs because the court must fix the amount thereof in its judgment, taking into account the degree of guilt of the party and professional work service rendered by the attorney.   That is why the invariable rule in Puerto Rico since 1936 has been that *"attorney's fees do not normally form part of costs."*   *García* v. *Heirs of Rodríguez*, 61 P.R.R. 590, 594 (1943).   See also *McCormick* v. *González*, 52 P.R.R. 880, 882–84 (1938) ; *People* v. *Berríos*, 54 P.R.R. 483, 492 (1939) ; and *Hance* v. *R. Méndez & Hno.*, 54 P.R.R. 671, 672 (1939).   The new Rules of Civil Procedure of 1958 keep and reaffirm this traditional distinction

---

[2] As it was amended in 1936, 1937 and 1951, § 327 of the Code of Civil Procedure provided in its pertinent part that:

"The party in favor of whom a final judgment or decision is rendered shall be allowed costs, which shall comprise the following expenses:        .

"(1) Any amount paid to the secretary of the court or to any Superior Court marshal;

"(2) The amount disbursed for authenticated copies of deeds and certificates from the registry of property or of any official records which may have been admitted in evidence;

(3) Two (2) dollars for each witness and for each day of attendance at court, plus milleage to and from his residence; *Provided,* That the court shall, considering all attendant circumstances, fix the reasonable compensation for the attendance of experts as witnesses;

"(4) The amount paid to the court stenographer for the transcription of any oral evidence or proceedings heard in open court, if such transcription is ordered by the court;

"(5) Five (5) dollars as notarial fees and fair value of the stenographic work in taking any testimony admitted in evidence; and

"(6) Any other expense necessarily incurred in connection with the processing of the case, which the court deems proper, and which may be subject to the schedule of fees.

"In case any party has acted with obstinacy, the court shall impose in its judgment the payment of the attorney's fees of the other party, fixing in therein the amount of such fees, with due regard to the degree of guilt in the suit and to the work necessarily done by the counsel of the other party; *Provided,* That nothing contained in this section shall be understood as allowing attorney's fees to be included in the costs levied on a defendant who has not entered his appearance in an action or proceeding, except when said defendant has been compelled so to act." 32 L.P.R.A. § 1461.

between costs properly speaking and attorney's fees. They define the concept of costs as "all items of expenses and disbursements necessary" incurred in the action, proceeding or appeal. But obviously attorney's fees are excluded from costs, since it is provided specifically and separately how and when the fees will be granted to the prevailing party. See 32 L.P.R.A. 1958 Cum. Suppl., App. R. 44.4 and 52.2.

On the other hand, the legislative history shows in a decisive manner (1) that Act No. 104 of 1955 only permits the imposition of "costs" properly speaking on the Commonwealth, and (2) that the lawmaker deliberately excluded the responsibility of the Commonwealth for "attorney's fees." The bill of the House No. 1145, which finally became the Act on Claims and Suits against the Commonwealth of 1955, contained at the beginning in its § 8 the following provision: ". . . A judgment against the Commonwealth shall in no case include payment of interest for any period prior to the judgment. *The levying of costs and attorney's fees shall be governed by the regular procedure.*" (Italics ours.) But in the Senate said bill was enacted with an amendment that precisely eliminated the words *"and attorney's fees"* from the text of § 8. Besides, *"or grant punitive damages"* was added at the end of the first sentence. Journal of Sessions —Proceedings and Debates of the Legislature, Vol. 6, No. 3, pp. 1786–87 (1955). Thereafter, the House of Representatives accepted those amendments introduced by the Senate, and thus remained § 8 of that Act as finally drafted. Evidently the Legislature was fully aware of the scope of the elimination of the words *"and attorney's fees."* This is evident from the legislative debates which set forth the essential motive or purpose pursued by that provision of § 8 of that Act:

"POLANCO ABREU: On May 18 the Speaker appointed a Conference Committee in relation to House Bill No. 1145. This bill is the one that establishes the general Act on Claims and Suits against the Commonwealth. This bill was amended by

the Senate and these amendments, at first blush, in the opinion of the Legal Committee, needed study. However, after analyzing those amendments which consist in the following, to wit: (1) It increases the compensation from 10 to 15 thousand dollars; (2) It does not permit the lawyers litigating against the Commonwealth to charge fees, and (3) It does not grant punitive damages; those three amendments are, in my opinion, desirable and they improve the bill. Under those circumstances, I request the House to waive the conference with the Senate, to notify the Senate of Puerto Rico and to desist of the conference. That the Senate be notified and to concur with the amendments introduced by the Senate, which are the ones I have just explained.

"APONTE: One question, Mr. Speaker.

"MR. SPEAKER: MR. APONTE.

"APONTE: Colleague Polanco Abreu has just stated that one of the amendments introduced by the Senate is to the effect that the attorneys who conduct cases against the Commonwealth will not charge fees. And I want to see if that is so or if he means that in the judgment which is rendered against the Commonwealth no attorney's fees will be included, which is something different.

"POLANCO ABREU: No, what I meant is that the bill included, or could, or gave the judge the opportunity or power to grant attorney's fees to the plaintiff. What the amendment of the Senate purports is that no attorney's fees be granted in the judgment. Naturally, that does not prevent the legitimate charge of attorney's fees, but without it being necessarily ordered by the judgment.

"MR. SPEAKER: Is Mr. Aponte satisfied?

"MUÑOZ PADÍN: Has colleague Polanco Abreu finished?

"POLANCO ABREU: Well, I made . . .

"MUÑOZ PADÍN: Well, after colleague Polanco Abreu finishes, Mr. Speaker.

"MR. SPEAKER: Then they were not questions for the Speaker?

"MUÑOZ PADÍN: No, no.

"MR. SPEAKER: Then those who are in agreement with the motion concerning bill one thousand one hundred . . .

"POLANCO ABREU: One thousand one hundred forty-five.

"MR. SPEAKER: 1145, for the purposes of notifying the Senate that the House waives the Conference and adopts the amendments.

(The motion is submitted to voting and it is approved.)"

J'ournal of Sessions—Proceedings and Debates of the Legislature, Vol. 6, No. 4, p. 2183 (1955).[3]

In view of the foregoing, the judgment on review that imposes on the Commonwealth the award of $500 for attorney's fees will be modified by eliminating the imposition of that amount and, as modified, the judgment will be affirmed.

---

[3] This view adopted by our lawmakers leads us to point out that the Federal Act (Federal Tort Claims, 28 U.S.C.A. § § 1346, 2671 *et seq.*) authorizes the court to determine the amount of reasonable attorney's fees which shall not exceed 20 percentum of the amount recovered. But it does not involve the allowance of attorney's fees in addition to the amount fixed to compensate for the damages suffered. On the contrary, said attorney's fees are always paid from the amount of compensation. Besides, the Federal Act prohibits attorneys from charging fees in excess of the maximum assigned and imposes up to $2,000 fine or a year in prison, or both, for violating said prohibition. See 28 U.S.C.A. § 2678. However, "costs" shall be allowed in the United States, but "shall not include attorney's fees." See 28 U.S.C.A. § 2412, *Cf. North Atlantic & Gulf S.S. Co.* v. *United States,* 209 F.2d 487 (2d Cir. 1954). On these aspects of the Federal Act, see also Wright, The Federal Tort Claims Act (1957) 138–48 and a number of articles published in 29 New York Univ. L. Rev. 1321 *et seq.* (1954) and in 7 Vanderbilt Law Rev. 175 *et seq.* (1954).