**UNITED STATES of America,**
**Plaintiff,**

v.

**AMERICAN CYANAMID COMPANY,**
**Defendant.**

United States District Court
S. D. New York.

Dec. 13, 1963.

———◆———

John J. Galgay, Atty., U. S. Dept. of Justice, New York City, for plaintiff; Joseph T. Maioriello, James J. Farrell, Attys., U. S. Dept. of Justice of counsel, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, for defendant; Samuel W. Murphy, Jr., Edward E. Clark, New York City, of counsel, for defendant.

LEVET, District Judge.

Motion by defendant to compel plaintiff to pay the expense of an attorney for the above-named defendant together with reasonable expenses to attend the deposition noticed by plaintiff of a witness, one J. R. Mares, at Houston, Texas. The motion is made under Rule 30(b) of the Federal Rules of Civil Procedure and Rule 5(a) of the Civil Rules of this court.

By reason of 28 U.S.C. § 2412 and by further reason of the decision, United States v. Chemical Foundation, 272 U.S. 1, 20–21, 47 S.Ct. 1, 71 L.Ed. 131 (1926), it is at least exceedingly doubtful if any allowance for such purposes may be imposed upon plaintiff. Title 28 U.S.C. § 2412(a) reads:

"The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress."

In the Chemical Foundation case, supra, Mr. Justice Butler wrote:

"The general rule is that, in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs or expenses. United States v. Hooe, 3 Cranch 73, 91, 92 [7 U.S. 73, 91, 92, 2 L.Ed. 370]; Shewan and Sons v. United States, 267 U.S. 86 [45 S.Ct. 238, 69 L.Ed. 527]; United States v. Davis, 54 Fed. 147, 152, et seq. * * *" (272 U.S. p. 20, 47 S.Ct. p. 8, 71 L.Ed. 131)

As far as this court has been able to discover, there is no exception provided as to actions such as this brought under 15 U.S.C. § 4.

Nevertheless, under my view of this case, after reading the papers submitted by defendant upon this application, it is unnecessary to determine the question above referred to. Rule 30(b) requires a showing of good cause. The papers presented to me by defendant fail to assert any reason why counsel for defendant from New York City are, by nature of the testimony taken, required to attend at Houston rather than employing local counsel. There is nothing to indicate any annoyance, harassment or oppression.

Accordingly, in my discretion, the motion is denied without prejudice to the defendant's right to submit its claim for expenses on this deposition for determination in the fixation of costs should it

be ultimately determined at the conclusion of this action that defendant is entitled to costs.

Settle order on notice specifying a date for the said deposition.