Frank **CASSATA** et al., Plaintiffs-Appellees,

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, a body corporate and an instrumentality of the United States, Defendant-Appellant.**

**No. 18618.**

United States Court of Appeals, Seventh Circuit.

June 17, 1971.

Thomas R. Mulroy, Robert W. Patterson, Frederic L. Hahn, Chicago, Ill., for defendant-appellant, Arthur W. Leibold, Jr., Paul E. McGraw, Washington, D. C., Hopkins, Sutter, Owen, Mulroy & Davis, Chicago, Ill., of counsel.

Alex Elson, Willard J. Lassers, Herbert Lesser, Chicago, Ill., for plaintiffs-appellees, Aaron S. Wolff, Elson, Lassers & Wolff, Chicago, Ill., of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

HASTINGS, Senior Circuit Judge.

Federal Savings and Loan Insurance Corporation (FSLIC) appeals from that part of an order entered April 15, 1970 by the district court[1] assessing attorneys' fees of $16,025 against FSLIC,

and from a further order entered May 27, 1970, denying a motion of FSLIC to vacate such order.

The instant appeal stems from the receivership and liquidation of Marshall Savings and Loan Association (Marshall) of Riverside, Illinois. Marshall was an Illinois corporation subject to the Illinois Savings and Loan Act.[2] In late 1964, Marshall became insolvent. The Illinois Director of Financial Institutions took custody of Marshall, effective December 31, 1964. A receiver was appointed April 8, 1965. On that date, Marshall was an insured institution within the meaning of Section 401(a) of the National Housing Act, 12 U.S.C.A. § 1724. As of July 31, 1969, the aggregate amount of insurance paid by FSLIC to Marshall's insured depositor members was $84,071,876.48. In addition, those members whose accounts exceeded the $10,000 federal insurance limitation received certificates of interest aggregating approximately $2,800,000.

All phases of the custodial taking of Marshall, the payment of account insurance and the proposed liquidation of Marshall's assets were extensively challenged, resulting in a series of lawsuits in both the state and federal courts.

Effective October 1, 1968, the Illinois Commissioner of Savings and Loan Associations appointed FSLIC as the successor receiver of Marshall. Pursuant thereto, FSLIC took possession of all of Marshall's assets. Subsequently, after three months of trial in a state court case involving the challenge to the custodial taking, and under the supervision of Judge Donald J. O'Brien, before whom all of the state cases dealing with Marshall were pending, the parties agreed to a plan which would terminate all of the pending litigation and result in Marshall's orderly liquidation.

As a result of this settlement plan, FSLIC[3] agreed to accept, in its individ-

[1]. The United States District Court for the Northern District of Illinois, Honorable Joseph Samuel Perry, District Judge presiding.

[2]. Ill.Rev.Stat. ch. 32, § 701 et seq.

[3]. FSLIC was the largest creditor of Marshall by reason of its insurance payout of over $84,000,000.

124

ual capacity, a conveyance of all of Marshall's assets. In exchange, FSLIC agreed to assume and pay in full all obligations of Marshall, including the payment of about $2,800,000 to the uninsured depositors. On September 30, 1969, the "Agreement to Settle the Marshall Litigation" was approved by the members of Marshall at a special meeting. Thereafter, Judge O'Brien and Judge Bernard M. Decker of the federal district court approved the settlement agreement and adopted it as a part of their respective orders terminating the Marshall litigation.

During the course of the Marshall litigation, on December 27, 1966, Frank Cassata and others, named as plaintiffs in the instant complaint, filed a class action in the federal district court against FSLIC to recover additional savings account insurance, claiming that FSLIC had erroneously failed to pay all insurance due them on various legal grounds. This action was prepared and filed by attorneys Elson, Lassers and Wolff and Herbert Lesser on a written contingent fee basis of not to exceed one-third of the recovery and specifically reciting that "If there is no recovery, no fees will be charged." The court ordered notice of the filing of the action, including the contingent fee arrangement, mailed to all listed members of the class. This action was not pressed in the district court while the same attorneys prosecuted another somewhat related action against FSLIC in the district court before Judge Perry. On appeal, the related matter was determined adversely to plaintiffs. Mahoney v. Federal Savings and Loan Insurance Corp., 7 Cir., 393 F.2d 156 (1968).

Thereafter, plaintiffs changed their theory of recovery in the instant case, reduced the size of the class to 34 families and filed an amended complaint. This cause was set for trial in September, 1969. As above shown, the Agreement to Settle the Marshall Litigation was approved by the members of Marshall on September 30, 1969. Since the loss for which the class in the instant

case claimed additional insurance was recovered by way of the settlement, the district court properly concluded that this action had become moot and subsequently entered an order of dismissal on April 15, 1970, on plaintiffs' own motion.

Thus it is clear and undisputed that the *Cassata* class action was never tried, the plaintiff members of Marshall received all they claimed and their attorneys were entitled to no attorneys' fees from their clients under the contingent fee contractual arrangement with them out of the amounts received by the 34 families.

However, prior to the dismissal of the *Cassata* action, counsel for plaintiffs filed their subject petition for the allowance of attorneys' fees and costs to be assessed against FSLIC. They contended (1) that they had established the validity of their claim by causing the denial of an earlier motion by FSLIC to dismiss the *Cassata* cause; (2) that the *Cassata* case had caused added impetus to the Marshall settlement; and (3) that they had performed the additional service entitling them to compensation by causing FSLIC to issue new regulations concerning account insurance.

Subsequently, the merits of the petition for attorneys' fees and costs was briefed and argued by both parties. Without hearing evidence, on April 15, 1970, the district court entered findings of fact and stated conclusions of law and awarded petitioning counsel $16,025 as attorneys' fees and $421 as expenses. In substance, the fees were determined by using a rate of $50 per hour for 195.5 hours claimed to have been expended in the *Cassata* case and for an additional 125 hours included for their work in the *Mahoney* case. The district court, although finding that the attorneys could not recover from their clients, found that they were entitled to recover from FSLIC on equitable grounds, relying upon Sprague v. Ticonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593

(1970); and Kahan v. Rosenstiel, 3 Cir., 424 F.2d 161 (1970), cert. denied, Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290.

Fifteen days later, on April 29, 1970, FSLIC filed a timely motion pursuant to Rule 60(b) (4) and (6), Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate that part of the order of April 15, 1970, assessing attorneys' fees against it in the amount of $1,025.[4] This motion was predicated upon the ground of sovereign immunity in that such an award against a federal agency is void and unenforceable under 28 U.S.C.A. § 2412.[5]

The district court, after chiding defendant for waiting until such a late hour to raise this question of immunity, summarily denied the motion as being without merit. In so ruling, we have concluded the district court erred.

Section 2412, *supra*, as presently constituted is a 1966 amendment of its predecessor Section 2412, enacted June 25, 1948, c. 646, 62 Stat. 973. The reviser's notes make it clear that the limitations imposed upon the liability of the United States for the payment of costs follows the established common-law rule that a sovereign is not liable for costs unless specific provision for such liability is made by law. This is a corollary to the rule that a sovereign cannot be sued without its consent.

■ At the outset, therefore, it becomes apparent that prior to the enactment of Congressional legislation, the doctrine of sovereign immunity precluded successful private litigants from recovering costs against the United States. Section 2412, *supra*, removed that bar

only as to certain prescribed items of costs, but specifically excluded attorneys' fees. This was merely a grant of power to the courts, allowing them to bind the sovereign within the narrow limits of its consent. It did not remove any power formerly lodged in the courts.

A letter from the Attorney General to the Vice President quoted in the legislative history says: "The bill makes it clear that the fees and expenses of attorneys and expert witnesses may not be taxed against the United States." See, 1966 U.S.Code Cong. and Adm.News, Vol. 2, p. 2531.

■ It cannot be seriously questioned that FSLIC is an agency of the United States. Acron Investments, Inc. v. Federal Savings & L. Ins. Corp., 9 Cir., 363 F.2d 236 (1966). The Financial Institutions Supervisory Act of 1966, Title 12, U.S.C.A. § 1730(k) (1) (A), provides: "* * * [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; * * *." Title 28, U.S.C.A. § 451 defines "agency" for the purposes of Title 28, which includes Section 2412, *supra*. It necessarily follows from this progression that FSLIC is thereby entitled to the immunity retained therein.

■ It has long been held that "in the absence of a statute directly authorizing it, courts will not give judgment against the United States for costs or expenses" and that this is a sovereign prerogative which cannot be waived. United States v. Chemical Foundation, 272 U.S. 1, 20–21, 47 S.Ct. 1, 71 L.Ed. 131 (1926); United States v. United States Fidelity & Guaranty Co., 309 U.S.

---

4. The assessment of $421 as costs is no longer challenged and is not now before us in this appeal.

5. The relevant part of this section reads: "Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil

action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. * * * As amended July 18, 1966, Pub.L. 89–507, § 1, 80 Stat. 308." For the legislative history and purpose of Pub.L. 89–507, see 1966 U.S.Code Cong. and Adm.News, p. 2527.

**126**

506, 513, 60 S.Ct. 653, 84 L.Ed. 894 (1940).

Further, the bar of a judgment for costs against the United States under the doctrine of sovereign immunity presents a jurisdictional question which cannot be waived and may be first raised on appeal. United States v. United States Fidelity & Guaranty Co., *supra*, 309 U.S. at 514, 60 S.Ct. 653; North Atlantic & Gulf S.S. Co. v. United States, 2 Cir., 209 F.2d 487, 489 (1954).

The petitioning attorneys in this action seek comfort in the *North Atlantic* case because there the court taxed certain deposition costs against the United States. But, that case is clearly distinguishable. There, in the early preliminary stages of the litigation, the United States sought to depose a witness in a distant city. As a condition precedent thereto, the trial court, under a local court rule, required the United States to pay plaintiff's costs (including in part his attorneys' fees) in connection therewith. The United States *agreed* to this condition, but being unable to make such payment prior to the interrogation, the parties and the trial court agreed to defer the payment until the conclusion of the litigation. Thus, the payment became a part of the allowable costs only because of this consideration given the Government. Other costs were disallowed and no assessment of attorneys' fees as such in the action were made as costs to a prevailing party.

We, therefore, conclude that the District Court erred in assessing attorneys' fees against FSLIC in the first instance because of the bar of sovereign immunity, such an award being void and unenforceable under 28 U.S.C.A. § 2412. We do not reach other issues raised on this appeal.

The decision of the district court under review is reversed.

Reversed.